# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement"), is entered into by and between Donald Tippett, E. Eric Johnson, Michael Shute, William Lynch, Kentucky Ventures LLC, Illinois Ventures LLC, Big Sandy Ventures LLC, and Clinch Ventures LLC (collectively "Tippett") on the one hand, and Bayerische Hypo- und Vereinsbank AG, New York Branch, HVB U.S. Finance Inc. (formerly known as HVB Structured Finance Inc.) and HVB Risk Management Products Inc. (collectively "HVB") on the other hand.

WHEREAS, there now exists and is pending before The United States District Court for the Central District of California a matter styled <u>Tippett, et al. v. KPMG, LLP, et. al.</u>, Case No. CV 05-4133-CAS, in which Tippett asserts claims against HVB for conspiracy to commit fraud and aiding and abetting fraud, the eleventh and twelfth causes of action in Tippett's complaint, respectively (the "Litigation").

WHEREAS, Tippett and HVB desire to fully resolve all matters between them raised in, or which could have been raised in, the Litigation.

NOW, THEREFORE, in consideration for the terms, conditions, covenants, representations, warranties, and promises contained in this Agreement, Tippett and HVB agree as follows:

1. Tippett shall dismiss the Litigation as against HVB with prejudice, each side to bear its own attorneys' fees and costs.

2. Tippett and HVB hereby mutually and unconditionally release and forever discharge one another and each of their related entities, predecessors, successors, heirs, assigns, officers, directors, managers, agents, employees, representatives, attorneys, affiliates, stockholders, and all persons acting by, under, through or in concert with any of them (to each of

whose benefit this Agreement shall run), from any and all claims, demands, actions, causes of action, liabilities, judgments, liens, contracts, agreements, rights, debts, loans, suits, obligations, promises, acts, costs and expenses (including, but not limited to, attorneys' fees), damages and charges of whatsoever nature (hereinafter "claims"), whether known or unknown, suspected or unsuspected, fixed or contingent, which either party now has, claims to have, or at any time heretofore had or claimed to have against the other, as a result of things undertaken, done or omitted to be done at any time up to, and including, the execution hereof, which are raised in or could have been raised in the Litigation or otherwise.

3. Tippett and HVB hereby acknowledge that there is a risk that, subsequent to the execution of this Agreement, they may discover, incur or suffer from claims which were unknown or unanticipated at the time this Agreement was executed, including, without limitation, unknown or unanticipated claims which arise from, are based upon or are related to the issues and matters raised by the Litigation which, if known on the date this Agreement was executed, may have materially affected their decision to execute this Agreement. Tippett and HVB each acknowledge that they are assuming the risk of such unanticipated claims and agree that this Agreement applies thereto. The parties expressly waive the benefits of Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Effective upon execution of this Agreement, the parties waive and relinquish all rights and benefits which they have or may have under Section 1542 or the law of any other state or

jurisdiction to the same or similar effect to the full extent that they may lawfully waive and relinquish all rights and benefits pertaining to the subject matter of this Agreement.

4.  It is understood and agreed that this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, representatives, successors, and assigns.

5.  The parties warrant and represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or cause of action arising out of or related to the Litigation or any portions thereof or interest therein.

6.  The parties, without further consideration, agree to execute and deliver additional documents and take additional actions necessary to consummate more effectively the subject matter of this Agreement.

7.  Tippett and HVB understand and agree that this Agreement is given in connection with the compromise of disputed claims and that the undersigned parties deny liability to each other. This Agreement shall never at any time or for any purpose be considered as an admission of liability on the part of the undersigned parties.

8.  Any notice required pursuant to this Agreement shall be addressed as follows:

For HVB:

> Helen L. Duncan, Esq.
> Fulbright & Jaworski L.L.P.
> 555 S. Flower St., 41st Floor
> Los Angeles, California 90071

For Tippett:

> Matthew N. Falley, Esq.
> Greenberg Glusker Fields Claman
>   Machinger & Kinsella L.L.P.
> 1900 Avenue of the Stars, 21st Floor
> Los Angeles, California 90067

9. This Agreement is also subject to the following miscellaneous provisions:

(a) This Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the laws of the State of California.

(b) Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining part, terms or provisions shall not be affected and the illegal or invalid part, term or provision shall be deemed not a part of this Agreement.

(c) This Agreement may be executed in one or more counterparts, but shall be interpreted and construed as if signed in one document.

(d) This Agreement constitutes the entire agreement between the parties and all other prior agreements, arrangements or understandings, oral or written, are merged into and superseded by the terms of this Agreement which may not be altered, amended, modified or otherwise changed except by a writing signed by the duly authorized representatives of the parties to this Agreement.

DATED: April ___, 2006

_____
Donald Tippett

DATED: April ___, 2006

_____
E. Eric Johnson

DATED: April __, 2006

_____
Michael Shute

DATED: April __, 2006

_____
William Lynch

DATED: April __, 2006    KENTUCKY VENTURES LLC

By: _____
    Its Member

DATED: April __, 2006    ILLINOIS VENTURES LLC

By: _____
    Its Member

DATED: April __, 2006    BIG SANDY VENTURES LLC

By: _____
    Its Member

DATED: April __, 2006    CLINCH VENTURES LLC

By: _____
    Its Member

| | | |
|---|---|---|
| DATED: | April __, 2006 | BAYERISCHE HYPO- UND VEREINSBANK AG, NEW YORK BRANCH |

By: _____

Its: _____

By: _____

Its: _____ MD _____

| | | |
|---|---|---|
| DATED: | April __, 2006 | HVB U.S. FINANCE INC. |

By: _____

Its: TREASURER

By: _____

Its: _____

| | | |
|---|---|---|
| DATED: | April __, 2006 | HVB RISK MANAGEMENT PRODUCTS INC. |

By: _____

Its: VP - TREASURER

By: _____

Its: _____

APPROVED AS TO FORM AND CONTENT:

GREENBERG GLUSKER FIELDS CLAMAN
 MACHTINGER & KINSELLA LLP


By:_____
 Matthew N. Falley
 Attorneys for Tippett, et al.

FULBRIGHT & JAWORSKI L.L.P.


By:_____
 Helen L. Duncan
 Attorneys for HVB

9. This Agreement is also subject to the following miscellaneous provisions:

(a) This Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the laws of the State of California.

(b) Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining part, terms or provisions shall not be affected and the illegal or invalid part, term or provision shall be deemed not a part of this Agreement

(c) This Agreement may be executed in one or more counterparts, but shall be interpreted and construed as if signed in one document.

(d) This Agreement constitutes the entire agreement between the parties and all other prior agreements, arrangements or understandings, oral or written, are merged into and superseded by the terms of this Agreement which may not be altered, amended, modified or otherwise changed except by a writing signed by the duly authorized representatives of the parties to this Agreement.

DATED: March __, 2006

_____
Donald Tippett

DATED: March __, 2006

_____
E. Eric Johnson

31094032.1

-4-

EXHIBIT C - Page 9

Los Angeles, California 90067

9. This Agreement is also subject to the following miscellaneous provisions:

(a) This Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the laws of the State of California.

(b) Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining part, terms or provisions shall not be affected and the illegal or invalid part, term or provision shall be deemed not a part of this Agreement.

(c) This Agreement may be executed in one or more counterparts, but shall be interpreted and construed as if signed in one document.

(d) This Agreement constitutes the entire agreement between the parties and all other prior agreements, arrangements or understandings, oral or written, are merged into and superseded by the terms of this Agreement which may not be altered, amended, modified or otherwise changed except by a writing signed by the duly authorized representatives of the parties to this Agreement.

DATED: March __, 2006

_____
Donald Tippett

DATED: April 6 ~~March~~ __, 2006

_____
E. Eric Johnson

41094032.1

-4-

EXHIBIT C - Page 10

May-25-06  04:53pm  From-MULL INTBG OPS                310-203-9268        T-668  P.002/002  F-109

| DATED: | March __, 2006 | _/s/ Michael Shute_ |
|---|---|---|
| | | Michael Shute |

| DATED: | March __, 2006 | _____ |
|---|---|---|
| | | William Lynch |

DATED: March __, 2006    KENTUCKY VENTURES LLC

By: _____
    Its Member

DATED: March __, 2006    ILLINOIS VENTURES LLC

By: _/s/_____
    Its Member

DATED: March __, 2006    BIG SANDY VENTURES LLC

By: _____
    Its Member

DATED: March __, 2006    CLINCH VENTURES LLC

By: _____
    Its Member

| | | |
|---|---|---|
| DATED: | March __, 2006 | _/s/ Michael Shute_____<br>Michael Shute |
| DATED: | March __, 2006 | _____<br>William Lynch |
| DATED: | March __, 2006 | KENTUCKY VENTURES LLC<br><br>By: _/s/_____<br>Its Member |
| DATED: | March __, 2006 | ILLINOIS VENTURES LLC<br><br>By: _____<br>Its Member |
| DATED: | March __, 2006 | BIG SANDY VENTURES LLC<br><br>By: _/s/_____<br>Its Member |
| DATED: | March __, 2006 | CLINCH VENTURES LLC<br><br>By: _____<br>Its Member |

| | | |
|---|---|---|
| DATED: | March __, 2006 | |
| | | _____ |
| | | Michael Shute |
| DATED: | April 11 ~~March~~ __, 2006 | |
| | | _____ |
| | | William Lynch |
| DATED: | March __, 2006 | KENTUCKY VENTURES LLC |
| | | By: _____ |
| | | Its Member |
| DATED: | March __, 2006 | ILLINOIS VENTURES LLC |
| | | By: _____ |
| | | Its Member |
| DATED: | March __, 2006 | BIG SANDY VENTURES LLC |
| | | By: _____ |
| | | Its Member |
| DATED: | April 11 ~~March~~ __, 2006 | CLINCH VENTURES LLC |
| | | By: _____ William Lynch |
| | | Its Member |

31094032.1

-5-

EXHIBIT C - Page 13