# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   CV 11-05431 VAP (MANx)                    Date:  August 5, 2011

Title:   E. ERIC JOHNSON; DONALD M. TIPPET, JR.; MICHAEL R. SHUTE; WILLIAM J. LYNCH, III; ILLINOIS VENTURES, LLC; KENTUCKY VENTURES, LLC; BIG SANDY VENTURES, LLC; AND CLINCH VENTURES, LLC -v- BAYERISCHE HYPO-UND VEREINSBANK, AG, A GERMAN CORPORATION; HVB U.S. FINANCE, INC., A CORPORATION; HVB RISK MANAGEMENT PRODUCTS, INC., A CORPORATION

================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER STRIKING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (IN CHAMBERS)

   The Court received Plaintiffs' Motion for Leave to File Amended Complaint and supporting documents ("Motion") filed on August 3, 2011.  (Doc. Nos. 13-14.)  As with Plaintiffs' Opposition and supporting documents filed on August 1, 2011, Plaintiffs' Motion contains numerous violations of the Local Rules for the Central District of California.  For example:

CV 11-05431 VAP (MANx)
E. ERIC JOHNSON, et al.  v. BAYERISCHE HYPO-UND VEREINSBANK, et al.
MINUTE ORDER of August 5, 2011

- The Motion is not presented on pleading paper, in violation of Local Rule 11-3.2;
- The Motion does not contain a backing, in violation of Local Rule 11-3.5;
- The Motion does not identify on whose behalf the filing is presented, in violation of Local Rule 11-3.8 (the Court assumes it is on behalf of all Plaintiffs); and
- The Motion was filed with less than 28 days notice of the hearing date, in violation of Local Rule 6-1.  Although Plaintiffs' counsel asserts the parties stipulated to a shortened briefing schedule and notice period, such a stipulation is not effective without a Court order.[1]  Hence, if the parties wish to have the matter heard on an expedited basis, they must demonstrate "why they should be allowed to 'go to the head of the line in front of all other litigants and receive special treatment.'"  Pate v. Wells Fargo Bank Home Mortg., Inc., No. CV 11-4151 PSG (MANx), 2011 WL 2682646 (C.D. Cal., July 7, 2011) (citing Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal.1995)).

Additionally, although Plaintiffs filed the Notice of Motion, Motion, and proposed order on the Court's docket, (see Doc. Nos. 13, 14), they did not file the supporting Memorandum of Points and Authorities.  Rather, Plaintiffs submitted a chambers copy of the Memorandum without filing it on the docket.  Hence, as the Memorandum has not been filed properly, the Court accords it no significance.

For the aforementioned failures in the Motion, the Court orders the Motion (Doc. Nos. 13, 14) STRICKEN.  Plaintiffs may re-file an Motion that complies with all of the Local Rules by no later than August 8, 2011, at 4:00 p.m.

**IT IS SO ORDERED.**

---

[1] Indeed, even if it were, Plaintiffs neither filed nor presented any such stipulation to the Court.