1  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   Brian P. Brosnahan (SBN 112984)
2  E-mail: bbrosnahan@kasowitz.com
   Margaret Ziemianek (SBN 233418)
3  E-Mail: mziemianek@kasowitz.com
   101 California Street, Suite 2300
4  San Francisco, California 94111
   Telephone: (415) 421-6140
5  Facsimile: (415) 398-5030

6  *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE COURTHOUSE

| | |
|---|---|
| E. ERIC JOHNSON; DONALD M. TIPPET, JR.; MICHAEL R. SHUTE; WILLIAM J. LYNCH, III; ILLINOIS VENTURES, LLC; KENTUCKY VENTURES, LLC; BIG SANDY VENTURES, LLC; and CLINCH VENTURES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAYERISCHE HYPO- UND VEREINSBANK AG, a German corporation; HVB U.S. FINANCE, INC., a corporation; HVB RISK MANAGEMENT PRODUCTS, INC., a corporation; <br><br> Defendants. | Case No. CV-11-05431-VAP (MANx) <br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF HVB'S MOTION TO DISMISS THE COMPLAINT** <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Date:    August 29, 2011 <br> Time:    2:00 p.m. <br> Courtroom: 2 <br> Judge: Hon. Virginia A. Phillips |

Reply Memorandum in Further Support of
HVB's Motion to Dismiss the Complaint
Case No. CV-11-05431-VAP (MANx)

Defendants Bayerische Hypo- und Vereinsbank AG, HVB U.S. Finance, Inc., and HVB Risk Management Products, Inc. (together, "HVB") submit this Reply Memorandum in Further Support of HVB's Motion to Dismiss the Complaint.

## PROCEDURAL HISTORY

HVB filed its Motion to Dismiss Plaintiffs' Complaint (the "Motion") on July 7, 2011. Plaintiffs attempted to file a brief styled "Plaintiffs' Memorandum of Law In Opposition to HVB's Motion to Dismiss" (the "Opposition") on August 1, 2011 (Dkt. 11). Along with the Opposition, plaintiffs also filed a declaration attaching a proposed amended complaint. (Dkt. 12). These filings were stricken by the Court by Order dated August 4, 2011 (Dkt. 16) for failure to comply with the Local Rules.[1]

On August 3, 2011, plaintiffs attempted to file a motion styled "Motion for Leave to File Amended Complaint" (the "Motion to Amend") (Dkt. 13 and 14), which was stricken by this Court by Order dated August 5, 2011 (Dkt. 17), again for failure to comply with the Local Rules.

The orders allowed Plaintiffs to re-file the Opposition and the Motion to Amend in compliance with all Local Rules no later than 4:00 p.m. on August 8, 2011. Plaintiffs re-filed their modified Opposition brief on August 8, 2011.[2]

---

[1] For additional procedural history of the action, HVB respectfully refers the Court to its Motion at 2-3.

[2] Although plaintiff filed the Opposition by 4:00 p.m. PDT as specified in the Order, the Motion to Amend was not filed until 5:42 p.m. PDT on August 8, 2011, outside the time specified by the Order.

1

Reply Memorandum in Further Support of
HVB's Motion to Dismiss the Complaint
Case No. CV-11-05431-VAP (MANx)

# ARGUMENT

## I. HVB'S MOTION TO DISMISS SHOULD BE GRANTED

Rather than oppose HVB's motion to dismiss the Complaint, plaintiffs have chosen to seek leave to file a proposed amended complaint and, instead of submitting a brief defending the original Complaint, the Opposition exclusively defends the not-yet-filed proposed amended complaint.[3]

The original complaint filed in this action (the "Original Complaint") alleges one cause of action – that the Settlement Agreement should be rescinded pursuant to California Civil Code §§ 1542, 1567, 1572 and 1689(b). In its Motion, HVB argues that: (1) the Settlement Agreement is valid; (2) the Settlement Agreement's release of unknown claims is valid; (3) plaintiffs have failed to state a claim that HVB fraudulently induced them into entering into the Settlement Agreement or owed them a fiduciary duty of disclosure; and (4) plaintiffs have failed to allege any facts that satisfy the grounds on which such an agreement may be rescinded under California law.

The Opposition does not address the arguments raised by HVB in its Motion. Rather, plaintiffs have instead proffered arguments that rely on allegations made in the proposed amended complaint (abbreviated in the Opposition as "AC"). Opposition at 1. For example, on page 2 of the Opposition, plaintiffs argue that "The AC adequately alleges that HVB had a fiduciary duty . . .." On page 6 of the Opposition, the plaintiffs argue that the "AC adequately alleges that HVB fraudulent concealed . . .." Throughout the

---

[3] We note that the proposed amended complaint originally filed on August 1, 2011 was, however, stricken and not refiled with the Opposition, so it is arguably not before the Court on this Opposition.

2

Reply Memorandum in Further Support of
HVB's Motion to Dismiss the Complaint
Case No. CV-11-05431-VAP (MANx)

brief, references to the factual allegations are almost exclusively to the "AC," and arguments propounded are based exclusively on the facts alleged in the proposed amended complaint, not those in the Original Complaint.

The final section of the Opposition, under the heading, "Plaintiffs respectfully request that the Court void the settlement agreement as to Plaintiffs fraudulent concealment claims" [sic], is no different; it is not a defense of the original complaint. Rather, plaintiffs state in that section, "*For the reasons alleged in the AC*, Plaintiffs respectfully request that the settlement agreement be voided and that HVB's Motion to Dismiss the [original complaint] be denied . . .." Opposition at 25 (emphasis added). Even if that section did seek to defend the original complaint, which it does not, it fails to proffer any rebuttal to HVB's motion. As HVB argued in its motion, Plaintiffs entered into a valid settlement agreement, knowingly and explicitly waived all claims known and unknown (with reference to Section 1542 of the California Civil Code), suffered no breach of any duty by HVB, and actually knew of the claims they now assert were unknown to them when they entered into the Settlement Agreement.[4]

---

[4] Although plaintiffs request that the Court "void the settlement agreement," they fail in this section to provide any legal support. Although they cite Cal. Civ. Code § 1542, we note in our Motion at 8-10 that the protections afforded by § 1542 may be expressly waived in a settlement agreement and release, as they have been here. Plaintiffs follow this reference to § 1542 with a string cite of inapposite cases that *do not involve an express waiver of § 1542* and that have no relevance to the issues before the Court. See *O'Meara v. Haiden*, 204 Cal. 354, 363 (Cal. 1928) (holding that there was no fraud but rather that the release was executed under a mutual mistake); *Chung v. Johnston*, 128 Cal. App. 2d 157, 163 (Cal. App. 1954) (the court refused to overturn the trial court's factual findings of whether the ostensible releasor, who did not speak English, intended to waive the fraud); *Raynale v. Yellow Cab Co.*, 115 Cal. App. 90, 91 (Cal. App. 1931) (court found that the ostensible releasor, who signed the release shortly after a personal injury

3

Reply Memorandum in Further Support of
HVB's Motion to Dismiss the Complaint
Case No. CV-11-05431-VAP (MANx)

Since the plaintiffs have chosen not to defend the original complaint, HVB's motion to dismiss it should be granted.

Plaintiffs have not yet been granted leave to file an amended complaint, and HVB will oppose plaintiffs' request to do so in response to a motion for such leave at the appropriate time.

## CONCLUSION

For the foregoing reasons as well as for the reasons stated in HVB's Memorandum of Points and Authorities filed on July 7, 2011, HVB respectfully requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim for rescission under Cal. Civ. Code §§ 1542, 1567, 1572 and 1689(b) and for failure to comply with Rule 9(b), Fed. R. Civ. P.

DATED: August 15, 2011        KASOWITZ BENSON TORRES & FRIEDMAN LLP


By:   /s/ Margaret A. Ziemianek
      Brian P. Brosnahan
      Margaret A. Ziemianek

*Attorneys for Defendants*

---

while she was still in "agony" and in a "daze," never entered into a contract at all because the minds never met ); *Meyer v. Haas*, 126 Cal. 560, 563 (Cal. 1899) (court found the release void for the reason that the mind of plaintiff, who could not read English, could not have consented to the release); *Mairo v. Yellow Cab Co.*, 208 Cal. 350, 351 (Cal. 1929) (court found a directed verdict improper where the issue of whether the ostensible releasor, an illiterate Russian, could have understood the release he signed should have gone to the jury); *Palmquist v. Mercer*, 43 Cal. 2d 92, 101 (Cal. 1954) (case involved release of liability regarding *future* conduct); *Gajanich v. Gregory*, 116 Cal. App. 622 (Cal. App. 1931) (the court affirmed the lower court which found that the ostensible releasor, who could not read or write English, was fraudulently induced to execute the release which was void *ab initio*).

4

Reply Memorandum in Further Support of
HVB's Motion to Dismiss the Complaint
Case No. CV-11-05431-VAP (MANx)